April 6, 2010

Jesse W. Rogers, Ph.D.
President, Midwestern State University
Office of the President
3410 Taft Boulevard
Wichita Falls, Texas 76308

Opinion No. GA-0768

Re: Whether certain endowment funds of a state university may be invested only in investments authorized under the Texas Public Funds Investment Act, chapter 2256, Government Code (RQ-0830-GA)

Dear Dr. Rogers:

You ask whether certain endowment funds of a state university may be invested only in investments authorized under the Texas Public Funds Investment Act (the "PFIA").[1] TEX. GOV'T CODE ANN. §§ 2256.001–.055 (Vernon 2008 & Supp. 2009). You inform us that Midwestern State University ("MSU" or the "University") has received a monetary bequest which, with the exception of $350,000, will be transferred to establish an endowment fund to be used for any lawful purpose, including scholarships. Request Letter at 1. You ask specifically: "To what extent must the investments of undesignated funds received under a will bequest to Midwestern State University, 'for its general use', be restricted only to investments permitted under the Texas Public Funds Investment Act, if the funds are used to create an endowment fund?" Id.

You do not ask and we do not address whether the terms of the will allow the bequest to be used to create an endowment fund. Will construction and issues concerning a donor's intent cannot be determined in an attorney general opinion. See Tex. Att'y Gen. Op. No. JC-0240 (2000) at 1 (determining that a donor's intent concerning a particular gift would require a fact-based inquiry); Tex. Att'y Gen. LO-93-46, at 2 (declining to construe a will because an attorney general opinion "cannot investigate or evaluate evidence that may be relevant to the intent expressed in a will"). Also, while you do not specify what legal form of management you intend for the endowment fund, we assume for purposes of this opinion that the endowment fund will remain under the control and management of MSU.

The PFIA generally authorizes the investment of public funds under the control of the governing body of certain entities. TEX. GOV'T CODE ANN. § 2256.003 (Vernon 2008).[2] Institutions

---

[1]See Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]Your question appears to assume that an endowment fund created from a monetary bequest for general purposes constitutes "public funds" under the PFIA. See generally Tex. Att'y Gen. Op. No. DM-489 (1998) (discussing meaning

(continued...)

of higher education and nonprofit corporations acting on behalf of institutions of higher education are among the entities that may invest according to the PFIA. *Id.* §§ 2256.002(4), (13); .003(a)(3).[3] The PFIA authorizes public fund investment only in specified kinds of investments. *Id.* §§ 2256.003(a); .009–.0205 (Vernon 2008 & Supp. 2009). However, while the kinds of investments authorized by the PFIA are limited, the PFIA is generally in addition to or cumulative of a governmental entity's investment authority "granted by other law." *Id.* § 2256.024(a) (Vernon 2008). With limited exceptions not pertinent here, the PFIA "does not . . . prohibit an investment specifically authorized by other law." *Id.* § 2256.024(a)(1). Thus, we next consider MSU's investment authority outside of the PFIA to invest funds under its control.

Under chapter 51 of the Education Code, an institution of higher education is entitled to retain control of certain sums of money it receives, including "donations and gifts to the institution." TEX. EDUC. CODE ANN. § 51.002(a)(1)–(10) (Vernon 2006); *see also id.* § 61.003(3)–(4), (8) (Vernon Supp. 2009) (including MSU in the definition of "[i]nstitution of higher education"). Section 51.0031(a) of the code grants the governing board of an institution of higher education authority for three different actions with respect to funds in its control:

> A governing board may [1] deposit funds under its control as provided in Section 51.003 [concerning terms of deposit] of this code, [2] invest funds under its control in accordance with Chapter 2256, Government Code [the PFIA] and, [3] with regard to donations, gifts, and trusts, may establish endowment funds that operate as trusts and are managed under prudent person standards.

*Id.* § 51.0031(a) (Vernon 2006). By its terms, section 51.0031(a) provides that investing under the PFIA and, with regard to donations, gifts and trusts, establishing an endowment fund to be managed under prudent person standards are separate options available to the University. *Id.* Further, chapter 51 of the Education Code does not purport to enumerate all of the kinds of investments a governing board may select when managing endowment funds under section 51.0031(a). Rather, section 51.0031 imposes prudent person standards on a governing board, requiring it to manage endowment funds exercising the "reasonable care, skill, and caution" that a prudent investor would exercise, "in light of the purposes, terms, distribution requirements, and other circumstances of the fund then prevailing, taking into consideration the investment of all the assets of the fund rather than a single investment." *Id.* § 51.0031(d).

As discussed above, the investment authority granted by the PFIA is in addition to or cumulative of investment authority granted under other law. Consequently, a governing board of

---

[2](...continued)
of "public funds" as the term is used in the PFIA). As we are able to answer your question without assessing that assumption, we do not address that issue.

[3]*But cf.* TEX. GOV'T CODE ANN. § 2256.004(a)(3) (Vernon 2008) (excluding "institution[s] of higher education having total endowments of at least $95 million in book value on May 1, 1995").

an institution of higher education, exercising its authority to establish an endowment fund under Education Code section 51.0031(a), is not restricted solely to investments permitted under the PFIA when managing the endowment fund.[4]

---

[4]You also inquire as to whether funds held by "ancillary 501(c)(3) organizations" could be counted toward the $25 million threshold established in Education Code section 51.0031(c). Request Letter at 3. Because we have concluded that a governing board is not restricted to investments authorized by the PFIA when managing an endowment fund established under section 51.0031(a), we need not address your second question.

## S U M M A R Y

A governing board of an institution of higher education, exercising its authority to manage an endowment fund under Education Code section 51.0031(a), is not restricted solely to investments permitted by the Texas Public Funds Investment Act when managing the endowment fund.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee